Nov. Term, 1860.

YATER v. JUDAH.

*A. Ellison*, for appellants.

*R. Parrett*, for appellees.

---

## YATER v. JUDAH.

*A.* and *B.* executed a chattel mortgage to secure certain debts, owing by them jointly, to *C.* Subsequently *D.*, in consideration that *C.* would release certain of the mortgaged property, executed to him a written guaranty for the payment of the amount of his debt. Suit upon the guaranty.

*Held*, that the guarantor was not liable for a private debt owing by *A.* to *C.*, especially if such debt accrued after the date of the guaranty; but that the guaranty must be construed to embrace the mortgage debt only.

*Saturday, December 8.*

APPEAL from the *Ripley* Circuit Court.

WORDEN, J.—On *December* 22, 1854, *B. W. Stewart* and *J. C. Cross*, executed a chattel mortgage on certain lumber, to *Judah*, the plaintiff below, to secure the payment of certain debts therein specified. Afterward the defendant, *Yater*, wrote to *Judah*, as follows, viz:

" *Versailles, June* 25 1855.

"*Jonathan Judah*, Esq. Dear Sir:

"It is a matter of some importance to *J. C. Cross*, that that oak lumber should be sold soon, or it will be worthless. I would say, in order to accommodate you and *Cross*, that I have agreed to take a note on one *D. A. Brooks*. I know him. He is good, but very slow. If you will consent to let the lumber go, I will see that you are paid as soon as I shall be able to get that much money from *Brooks;* and should he not pay me in some three or four months, I will pay you myself the amount of your claim, provided it does not exceed one hundred dollars.

" Respectfully, *James L. Yater.*"

*Judah* let the lumber go, and this suit is brought by him upon the guaranty, claiming $81 and 34 cents.

Trial by the Court. Finding and judgment for the plaintiff for $72 and 98 cents, a new trial, on the application of the defendant, being refused. *Yater* appeals. The evidence is in the record, and from it we can not perceive on what ground the finding and judgment can be sustained.

In 1856, *Judah* made out a statement of his claims against *Stewart* and *Cross*, making the amount of his claims $234 and 93 cents, giving them credit for a lumber account for $133 and 30 cents, and claiming a balance due him of $101 and 63 cents. Entering into the sum of $234 and 93 cents, thus made out, was an individual account against *Cross*, of $77 and 29 cents, which was not provided for in the mortgage, and which accrued subsequently thereto. The appellant insists that the individul account against *Cross*, which was not provided for in the mortgage, and which accrued subsequently to its execution, could not go to make up any part of the claim for which he is liable on his guaranty. We are of that opinion, more especially as the account accrued subsequently to the date of the guaranty. The natural interpretation of the guaranty, it seems to us, is, that the guarantor made himself liable only for the debts, to secure which the mortgage was given. It is clear, certainly, that he did not thereby make himself liable for debts to be thereafter contracted. We can not see how this account has any thing to do in the computation, unless there was some arrangement, which does not appear, by which it was to be applied in balancing the lumber account for which *Stewart* and *Cross* were credited.

But, passing by this question, and giving *Judah* the benefit of this account against *Cross*, we will examine how the claims stand.

The account, as made out, includes two judgments on the docket of a justice of the peace named *Howell*. These judgments are secured by the mortgage. In making up the account, these judgments are computed, including interest, after deducting a credit on one of $19, one at $31 and 64

cents, and the other at $29 and 61 cents, making a total of $61 and 25 cents.

The justice who rendered these judgments swears, that in 1856 *Stewart* paid him $19 on one of them, which he paid over to *Judah*, and that afterward *Stewart* paid the residue of both judgments to *Judah*. There is nothing in the record to throw any doubt over this testimony.

The defendant also gave in evidence a receipt from *Judah* to *Cross*, dated *April*, 1856, for $40. This receipt should certainly be allowed, if the defendant is charged with the individual account against *Cross*. *Cross* was not credited with this receipt in the account against him.

The account then stands thus:

*Stewart* and *Cross*, Dr., as per account of *Judah*, $234,93.
From which deduct credit for lumber,     $133,30.
Receipt to *Cross*,                      $40,00.
Judgments which had been paid and erroneously included in *Judah's* account,                                  $61,25.
                                         $234,55.
                            Balance, 38 cts.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded for a new trial.

*W. S. Holman*, for appellant.

*G. Durbin* and *J. W. Gordon*, for appellee.